UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>   v.<br><br>SUN RYDER KADOSH,<br><br>       Defendant. | No.  CV-13-1133-EFS<br><br>**ORDER GRANTING DEFAULT JUDGMENT AND DECLARATORY AND INJUNCTIVE RELIEF** |

## I.   INTRODUCTION

A telephonic hearing occurred in the above-captioned matter on March 3, 2014.  Before the Court was Plaintiff United States' Motion for Default Judgment, ECF No. 16.  At the hearing the United States was represented by Assistant United States Attorney Lynn Ernce. Defendant was not present at the hearing and has not made an appearance in this matter.  The United States seeks a judicial declaration that the false financing statement filed by Defendant is null and void, and injunctive relief in the form of an order directing that the false lien be expunged and enjoining Defendant from filing any other similar documents against federal employees.  At the March 3, 2014 telephonic hearing, the Court heard from counsel.  This Order memorializes and supplements the Court's oral ruling.

//

ORDER - 1

## II. BACKGROUND

**A. Factual History**

On July 18, 2011, Defendant filed a UCC-1 with the California Secretary of State, Document Number 29676070004, Filing Number 11-7277267202, describing Victoria C. Minor as "Debtor" based upon "collateral' which is described in part as follows: "Purchase Money Security Agreement, Fresno county court case/account contract # 11 CECL 05393, 11CECL 04723, DISTRICT COURT OF U.S. EASTERN, CALIF CASE/ACCOUNT 11 cv 00562 . . . ." ECF No. 1, ¶ 11. Ms. Minor was the Clerk of Court for the Eastern District of California in Sacramento at the time of the filing of the UCC-1. ECF No. 1, ¶ 13.

Ms. Minor has never interacted with Defendant, has never entered into any contract, security agreement, or any other transaction with Defendant, and is not indebted to Defendant in any way. ECF Nos. 1 & 16-2. Ms. Minor did not authorize Defendant to file UCC-1 Financing Statements against her purporting to show that she is indebted to Defendant. ECF Nos. 1 & 16-2.

**B. Procedural History**

The United States filed the Complaint on July 19, 2014. ECF No. 1. After attempts to serve Defendant were unsuccessful, on December 3, 2013, the Court granted the United States' application to permit service by publication of summons. ECF No. 12. On January 10, 2014, the United States filed a Certificate of Publication, certifying that a publication notice ran once a week for four weeks in *The Fresno Bee*. ECF No. 13. To date, Defendant has not answered or responded to the complaint. Accordingly, on January 23, 2014, the United States

ORDER - 2

requested entry of default, ECF No. 14, which was entered by the Clerk's Office on January 27, 2014.  ECF No. 15.

### III.  UNITED STATES' MOTION FOR DEFAULT JUDGMENT

The United States moves for default judgment under Federal Rule of Civil Procedure 55(b)(2) as Defendant has failed to timely respond to the Complaint.  The Court has discretion whether to enter default judgment. Fed. R. Civ. P. 55(b)(2).  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Lau Ah Yew v. Dulles*, 236 F.2d 415, 416 (9th Cir. 1956).  In making this determination, courts consider the following seven factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Where a default is entered, the well-pleaded allegations in the complaint are taken as true. *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).  The plaintiff, however, must establish the relief to which it is entitled. *See Pope v. United States*, 323 U.S. 1, 12 (1944).

Here, the Court finds these factors favor entering default judgment.  First, the United States will be prejudiced if default judgment is not entered as the United States will be left without recourse for recovery and Ms. Minor will continue to suffer personal harm by the existence of a false lien against her in the public

ORDER - 3

record.  Second, the United States can establish the merits of the claim as well-pled in its complaint.  Specifically, the Court has jurisdiction under 28 U.S.C. § 1345 and is empowered to void common-law liens imposed on the property of the government officials.  *See Ryan v. Bilby*, 764 F.2d 1325, 1327 (9th Cir. 1985).  Additionally, it is uncontroverted that Defendant's lien against Ms. Minor was non-consensual and has no basis in law or fact.  Third, the United States is not seeking monetary damages.  Next, there is no possibility of dispute concerning material facts, as the complaint is taken as true after the court clerk enters default. *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).  Finally, as the complaint was served via publication for four weeks and Defendant has failed to appear, the possibility of excusable neglect is remote.  Therefore, the Court finds the *Eitel* factors weigh in favor of granting default judgment.

The United States requests two forms of relief, declaratory judgment and injunctive relief.  As to the former, based upon the complaint and supporting declaration, the Court finds that the UCC-1 financing statement filed by Defendant is false and without factual or legal basis.  Accordingly, the Court declares the false UCC-1 as null, void, and of no legal effect and directs that it should be expunged. As to the request for a permanent injunction enjoining Defendant from filing any document which purports to create a non-consensual lien or encumbrance against any federal employee, an additional analysis is necessary.

//

ORDER - 4

1    To succeed on a permanent injunction, a plaintiff must
2 demonstrate that 1) it has suffered an irreparable injury; 2) remedies
3 available at law are inadequate to compensate for that injury; 3)
4 considering the balance of hardships between the plaintiff and
5 defendant, a remedy in equity is warranted; and 4) the public interest
6 would not be disserved by a permanent injunction.  *cBay, Inc.v.*
7 *Mercexchange, LLC*, 547 U.S. 388, 391 (2006).
8    Here, the Court finds these factors favor a permanent
9 injunction.  First, the United States has suffered irreparable harm.
10 Irreparable harm is imposed where a "campaign of harassment takes the
11 form of filing frivolous and nonsensical suits and documents against
12 named employees of the federal government."  *United States v. Van*
13 *Dyke*, 568 F. Supp. 820, 822 (D. Ore. 1983).  Furthermore, "filing
14 liens whenever [an] individual feels grieved or wronged by a public
15 official, unduly interferes with the government's ability to perform
16 its duties." *United States v. Barker*, 19 F. Supp. 2d 1380, 1384 (S.D.
17 Ga. 1998).  Plus, by falsely identifying Ms. Minor in a UCC-1
18 Financing Statement filed with the Secretary of State, Defendant has
19 exposed her to potential hardship and costs associated with false
20 information in the public record that may impede or impair her
21 personal credit and detract from the performance of her official
22 duties.  By state law, such financing statements remain effective in
23 the public record for a period of five years.  Cal. Com. Code §
24 9515(a).  Second, the remedies available in civil actions to void
25 false liens are inadequate as they do little to deter Defendant from
26 filing future false liens, and absent an injunction, the United States

ORDER - 5

has no recourse to prevent future frivolous and false liens against government employees by Defendant.  Third, in contrast to the irreparable harm caused to the United States by Defendant's UCC-1 filing, no injury will result from an injunction enjoining Defendant and Defendant's agents from filing similar false liens in the future. Such an injunction would in no way impair Defendant's ability to file valid, consensual liens.  Finally, as there is a strong public interest that Defendant be enjoined from continuing to harass court or other government personnel in retaliation for adverse court rulings and in safeguarding the integrity of the judicial process, the public interest would not be disserved by a permanent injunction. Accordingly, the Court grants the permanent injunction, enjoining Defendant from filing similar false liens against federal employees in the future.

### IV.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Default Judgment, **ECF No. 16**, is **GRANTED**.
2. The Clerk's Office is directed to enter **JUDGMENT** in Plaintiff's favor.
3. The following UCC-1 Financing Statement is declared **NULL, VOID, AND OF NO LEGAL EFFECT**, and the Secretary of State of California is hereby directed to **EXPUNGE** it from the official records: UCC-1 Financing Statement, Document Number 29676070004, Filing Number 11-7277267202.

//

ORDER - 6

     **4.**    Leave is granted for Plaintiff to file the Judgment and Order of this Court with the California Secretary of State and in the public records of any other jurisdiction where documents identical or similar to the above specified UCC Financing Statement has or may have been filed by Defendant.

     **5.**    Defendant Sun Ryder Kadosh, Defendant's agents, employees, and all others acting in active concert or participation with Defendant, are **PERMANENTLY ENJOINED** from filing, or attempting to file, any document or instrument which purports to create or reflect any non-consensual lien or encumbrance against the person or property of the above-named court officer, or other employees or officers of the United States. Nevertheless, this permanent injunction does not prevent Defendant from applying to any state or federal court of competent jurisdiction in order to obtain relief of any nonfrivolous legal claim, and this injunction does not apply to or prohibit liens lawfully created by any judgment of a court of competent jurisdiction.

     **6.**    The Clerk's Office is directed to **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel and mail a copy to Defendant's last known address.

**DATED** this  3rd  day of March 2014.

                                s/ Edward F. Shea
                                EDWARD F. SHEA
                Senior United States District Judge